```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

G.E. CAPITAL CORPORATION, etc.,    )
                                   )
                 Plaintiff,        )
                                   )
      v.                           )    No.  08 C 444
                                   )
COLE TRANSPORTATION, INC., et al., )
                                   )
                 Defendants.       )
```

## MEMORANDUM ORDER

This newly-filed action, assigned this week to this Court's calendar by random assignment, contains this allegation as to venue (Complaint ¶7):

> Venue in this action is proper pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events giving rise to this claim occurred in the Northern District of Illinois.

In candor, at least on the surface, that seems absurd:

1. Plaintiff G.E. Capital Corporation ("G.E. Capital") is a Delaware corporation with its principal place of business in Danbury, Connecticut (Complaint ¶1).

2. All three defendants--a corporation and two individuals--are solely Pennsylvania citizens (Complaint ¶¶3-5).

3. G.E. Capital sues as assignee under a Commercial Transportation Lease Agreement ("Lease," Complaint Ex. A) signed by a Minnesota-sited partnership (G.E. Capital's assignor) and by the Pennsylvania corporate defendant, with Lease ¶22 specifying that Connecticut law governs the Lease

and the rights and obligations of the parties, with all proceedings to be litigated at the Lessor's option in Connecticut-based courts.

    4.  Both Individual Guaranties by the individual defendants (Complaint Exs. C and D) run to the Minnesota partnership (G.E. Capital having succeeded to that position) and are signed by the Pennsylvania individuals now named as codefendants.

Under those circumstances, this action appears to call for a swift transfer from this judicial district pursuant to 28 U.S.C. §1406[1]--or even if this action can indeed qualify for venue in this judicial district under Section 1391(a)(2), for a transfer under Section 1404(a).  This Court's minute clerk is contemporaneously calling G.E. Capital's counsel to come into court forthwith to explain why the tenure of this action in this District Court should not mirror Ernest Hemingway's classic short story "The Short Happy Life of Francis Macomber."

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  January 25, 2008

---

[1] All further references to Title 28's provisions will simply take the form "Section--."